## JOHN TRIBLE v. AMOS ELLISON et al.

**Administrators — Use of Assets — Payments — Doctor's Bills — Burial Expenses — Attorney's Fees — Personal Claim — Reasonable Per Cent. for Collection — Cost — Bond — Security — Attachment.**

It is the duty of the husband to furnish medical attention and pay the burial expenses of his wife, and he cannot be relieved therefrom only by antenuptual contract.

Unless the administrator uses the assets or makes interest thereon, he should not be charged with interest upon the amount in his hands.

**Same.**

The administrator is presumed to have used the assets after two years, and will be charged interest unless the presumption be rebutted. It may be shown that he used the assets before and should be charged with interest.

**Attorney Fee.**

The administrator is not entitled to employ counsel at the expense of the estate to set up his personal claim, inconsistent with the interest of the heirs, but he should be allowed a reasonable sum for counsel to advise him in the administration of the estate.

**Commission.**

Five per cent. is a reasonable compensation on the amount collected and paid out, subject to be increased if unusual difficulties attend the collection.

**Cost.**

When the cost is the result of the administrator's illegal conduct, he should pay it out of his own fund, but, so far as it has accrued in settling the estate, it should be paid out of the assets.

**Bond.**

It is presumed the administrator executed bond with good surety; therefore, without an averment that the surety would be unavailable, no cause of action could be made out by the distributees against the administrator, even if such case existed in behalf of the sureties.

APPEAL FROM MADISON CIRCUIT COURT.

January 4, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Mrs. Trible having died, the appellant, as her surviving husband, set up claim to her property inconsistent with the antenuptial contract and violative of the rights of her heirs; hence the

appellee brought suit to settle this controversy immediately after Trible administered upon his deceased wife's estate; therefore, the suit had the double aspect of a litigation with him personally and as a fiduciary. The first branch was settled by this court on a former appeal in which it was determined that Trible took no personal interest in his wife's estate, nor its increase, nor hire, nor rents, but as trustee had the right to control it during their joint lives. On the return of the cause it was referred to a commissioner to ascertain and report the amount of assets and payments made by the administrator; both parties excepted to the report, some of which were sustained, and some overruled, and a judgment for $1,473.60 rendered against the administrator, from which he appeals.

The court very properly sustained appellees' exceptions to vouchers Nos. 1, 2, 3, 5, 6, and 7, all being for the physician's attendance and burial expenses of decedent, all of which it was the duty of the husband to furnish and pay for, and he could only be relieved therefrom by the antenuptial contract, which does not so provide.

The exception was improperly sustained as to No. 4, it being for State taxes on the wife's separate estate.

The court properly charged him with the proceeds of the Rocaway because it was bought with the proceeds of the hire of the wife's slaves and further he had charged himself as administrator with it; for the same reasons he was also properly charged $160 money received by him for the hire of the wife's slaves after her death.

It was erroneous to allow $66.25 interest against the administrator on the $750 from the death of his wife until June 25, 1866; the administrator should be charged with the actual sum received by him, whether it be more or less than $750. We do not understand the antenuptial contract as intending to specify the exact amount of the wife's estate, but to give a general description of it, and whatever sum including the interest collected by the husband was received should be charged against him in his fiducial accounts; but unless he used the assets or made interest therein he should not be charged interest upon the amount in his hands, although by section 25, art. 2, chap. 37, 1 Rev. Stat. 507, the administrator is presumed to have used the assets after two years and will be charged interest unless this presumed use be rebutted

by the evidence, yet it may be shown he used the assets before and should likewise be charged with interest, nor does that or the preceding section prevent an earlier settlement if the distributees shall show affirmatively that two years are unnecessary for the settlement of the accounts and distribution of the assets.

The administrator was certainly not entitled as much to employ a counsel at the expense of his intestate's estate to set up a personal claim of his own inconsistent with the interest of her heirs, but if he in good faith employed a counsel to advise him as administrator in the administration of the estate, he should be allowed a reasonable sum for such advice and counsel.

Whether the allowance to the administrator for his services should be increased depends on whether he had the $750 described in the antenuptial contract in his hands at his wife's death; if he collected this afterward the allowance is unreasonably low; this court has held that 5 per cent. compensation on the amount collected and paid out will be regarded as reasonable, and unless by evidence this would be allowed, subject, however, to an increase if circumstances of difficulty surrounded the estate as to render the duties of the administrator unusally difficult.

The cost in the appellate court when the case was here before was the result of the illegal conduct of the husband, and he should answer it out of his own funds.

It is presumed the administrator executed bond with good surety for his fiducial conduct; therefore, without an averment that the surety of such bond would be unavailing no cause of attachment could be made out by the distributees against an administrator even if such cause existed in behalf of the securities; hence we need not determine whether Trible's conduct would authorize an attachment but for said bond; the attachment was improperly sued out and should have been dismissed.

So far as expenses have been incurred in litigating the illegal claim of Trible to his deceased wife's estate the costs should be given against him; so far as it has accrued in settling the accounts of the estate it should be paid out of the assets.

For these errors the judgment is reversed, with directions for further proceedings in accordance with this opinion.

*Turner, for appellant.*

*Burnam & Caperton, for appellees.*